IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID ADAMS, MICHAEL SHAW,
and GERALD KASMERE, on behalf of
themselves and others similarly
situated,

    Plaintiffs,

vs.                                       **COLLECTIVE/CLASS ACTION**

PALM BEACH COUNTY,

    Defendant.
_____/

## COMPLAINT

### INTRODUCTION

1. This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), and the Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24 (hereinafter, "FMWA"), to recover unpaid minimum wages owed to Plaintiffs DAVID ADAMS, MICHAEL SHAW, GERALD KASMERE, and all others similarly situated to them who were formerly or are currently employed by Defendant, PALM BEACH COUNTY (hereinafter, "PBC"), as unpaid "volunteers" for three (3) county-owned and operated golf courses within Palm Beach County, Florida. Plaintiff KASMERE brings a separate count for retaliation pursuant to 29 U.S.C. § 215(a)(3).

2. The acts complained of herein were committed in Palm Beach County, Florida.

3. Defendant PBC is a municipality of the State of Florida, which operates three (3) golf courses located in Palm Beach County, Florida.

4. Defendant PBC is an enterprise engaged in an industry affecting interstate

1

commerce, and is an employer within the meaning of the FLSA, 29 U.S.C. §203(d) and (s)(1), and the FMWA, Florida Statutes § 448.110, and the Florida Constitution Art. X § 24[1], in that it has employees engaged in interstate commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA and FMWA.

5. The Named Plaintiffs and similarly situated individuals were, at all times relevant to this Complaint, suffered or permitted to work for PBC, a political subdivision of the state of Florida, and were therefore employees of PBC within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

6. Pursuant to the Florida Minimum Wage Act, Florida Statutes §448.110, Fla. Const. Art. X § 24, and the FLSA, the Named Plaintiffs, on behalf of themselves and all others similarly situated to them, seek the recovery of unpaid minimum wages, liquidated damages, and attorneys' fees and costs from Defendant.

7. The Named Plaintiffs seek class certification to bring a collective action under the FLSA under 29 U.S.C. §216(b). The FLSA class is defined as: "All current and former workers who were classified as volunteers by Defendant and who worked for any of the four

---

[1]Fla. Const. Art. X §24(f) declares an "inten[tion] that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations." Id. § 24(f). That subsection reflects that the Wage Amendment should operate like the federal minimum wage law. Id. § 24(f); see Minimum Wage, 880 So. 2d at 641 ("point[ing] out that the . . . amendment . . . incorporates a reference to the entire body of law under the FLSA"). Accordingly, the body of law that encompasses the FLSA is likewise applicable to the FMWA.

(4) golf facilities it owned and operated between January 2018 to the present."

8. The Named Plaintiffs and the proposed FLSA class members were subjected to the same failure to be paid minimum wage in violation of the FLSA, 29 U.S.C. §206, because Defendant hired volunteers to perform work in exchange for free and/or discounted golf privileges. Discounted golf privileges were the only form of compensation that Defendant bestowed upon these "volunteers." Accordingly, all similarly situated volunteers are actually employees who are entitled to an award of minimum wages and liquidated damages.

9. The Named Plaintiffs also seek class certification under Rule 23 of the Federal Rules of Civil Procedure of the following class under the FMWA: "All current and former volunteers of Defendant who worked for any of the four (4) golf facilities it owned and operated between January 2016 and the present." The size of the Rule 23 class is approximately 600 people or more.

10. The Named Plaintiffs and the proposed Rule 23 class members were subjected to the same minimum wage violations of Fla. Sta. §448.10 and Fla. Const. Art. X §24(c). More specifically, during all workweeks over the past five (5) years, Defendant hired volunteers to perform work in exchange for free and/or discounted golf privileges. Discounted golf privileges were the only form of compensation that Defendant bestowed upon these "volunteers." Accordingly, all similarly situated volunteers are actually employees who are entitled to an award of minimum wages and liquidated damages.

11. Each of Defendant's golf facilities where the issues which are the subject matter of this Complaint took place are located in Palm Beach County, Florida, within the jurisdiction of this Court.

12. Each PBC golf facility is owned and operated by Defendant as a commercial

enterprise, hired volunteers in exactly the same fashion, required volunteers to work at least 28 hours per month, compensated all golf facility volunteers with discounted golf privileges, and did not pay the volunteers any wages.

## JURISDICTION

13. This Court has jurisdiction over this action pursuant to the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §§ 1331 and 1337. This court has supplemental jurisdiction over the claims arising under the Florida Minimum Wage Act, Florida Statutes §448.110 and Fla. Const. Art. X §24, by virtue of 28 U.S.C. § 1367(a) because the state claim is so related to the federal claim that they form part of the same case or controversy. Plaintiffs' state law claim shares nearly all operative facts with his federal law claim and the parties are identical. Resolving both state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## VENUE

14. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in Palm Beach County, Florida.

## GENERAL FACTUAL ALLEGATIONS

15. The allegations in Paragraphs 1 through 14 are incorporated as if fully stated herein.

16. Plaintiff, DAVID ADAMS, was a former volunteer of Defendant where, from on or about January 2016 until April 2019, Plaintiff ADAMS worked for the Osprey Point Golf Club. Plaintiff ADAMS received no wages from Defendant during his time serving as a "volunteer."

17. Plaintiff, MICHAEL SHAW, was a former volunteer of Defendant where,

from on or about January 2016 until August 2019, Plaintiff SHAW worked for the Osprey Point Golf Club. Plaintiff SHAW received no wages from Defendant during his time serving as a "volunteer."

18.     Plaintiff, GERALD KASMERE, was a former volunteer of Defendant where, from on or about January 2016 until mid-March 2020, Plaintiff KASMERE worked for the Osprey Point Golf Club. Plaintiff KASMERE received no wages from Defendant during his time serving as a "volunteer."

19.     During numerous workweeks since January 2016, Defendant failed to pay wages to Plaintiffs and those similarly situated. Instead of paying Plaintiffs proper wages, Defendant compensated Plaintiffs with discounted and free golf privileges.

20.     Plaintiffs worked as bag drop attendants, rangers, driving range attendants, and starter's assistants (hereinafter "golf volunteers") for PBC's Osprey Point Golf Course. The job duties of golf facility volunteers are to greet customers, unload and load golf bags from arriving and departing cars, wiping down customer's golf clubs at the conclusion of a customer's round of golf, assisting the starter, driving equipment to retrieve and wash golf golf balls from the driving range, patrolling the golf course, policing pace of play, assisting the starter, filling divots with sand, picking up and disposing of trash, raking the sand traps, cleaning (sanitizing) and charging the golf carts, replenishing sand to fill divots, ensuring that all golf carts have scorecards and pencils, and driving the carts to and from the cart barn as needed.

21.     Defendant hires golf "volunteers" for three of its four golf courses: Osprey Point Golf Course, Okeeheelee Golf Course, and Park Ridge Golf Course. Defendant also hires golf volunteers for its teaching facility, the John Prince Golf Learning Center.

22. Defendant posts advertisements on its websites soliciting individuals for the positions of bag drop attendants, course rangers, driving range attendants, starters assistants, tee times administrators, office assistants, maintenance assistants, and junior program assistants. Those advertisements are attached as Composite Exhibit 1.

23. The golf volunteer positions referenced in the preceding paragraph are vital and necessary to the operation of Defendant's golf facilities.

24. Defendant's golf facilities are commercial enterprises that compete with many non-publicly owned golf facilities in Palm Beach County.

25. Defendant's golf facilities are operated as for-profit entities.

26. As a result of this "volunteer program," Defendant's golf facilities obtain free labor as Defendant hires volunteers to perform the same labor for which private golf facilities must pay employees proper wages. If not for the Defendant's "volunteer program," all of its golf facilities would have to hire employees to perform the job duties of the volunteers.

27. Defendant's volunteer program, as described above, demonstrates a widespread pattern and practice of avoiding its obligation to pay employees as required by the FLSA and FMWA, thus creating a minimum wage violation for each hour that each golf volunteer worked.

28. Upon information and belief, Defendant's volunteer program affected approximately 600 golf volunteers over the past several years.

29. The additional persons who may become plaintiffs in this case are golf volunteers of Defendant who are similarly situated to the Named Plaintiffs in that they performed work for the benefit of the Defendant without receiving proper wages, as required by law.

30. The identities of the class members, as well as the actual days and hours worked by each golf volunteer is known to the Defendant as it requires all golf volunteers to either punch a time clock or sign an attendance sheet, which records are maintained by and in the possession, custody and control of Defendant.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

31. Since January 2016, Defendant subjected all golf volunteers at its golf facilities to the same illegal practice of failing to provide pay wages for work performed, as required by the FLSA and FMWA.

32. Based upon information and belief, there are approximately 600 individuals who have performed work at Defendant's golf facilities since January 2016 without receiving any wages.

33. The members of the FLSA collective were all subjected to a common policy and practice in violation of the FLSA, 29 U.S.C. § 206, because all golf volunteers were subjected to an identical compensation scheme that required them to work in exchange for free or discounted rounds of golf rather than wages. All members of the FLSA collective are also entitled to the same remedy in the form of back pay of minimum wage for each hour they worked and an award of liquidated damages.

34. The claims under the FLSA may be pursued by similarly situated persons who opt-in to this case pursuant to 29 U.S.C. § 216(b).

35. The Named Plaintiffs and all members of the FLSA collective performed work for Defendant after being classified as volunteers and were not paid at least the full minimum wage for all hours worked as required by the FLSA.

36. The Named Plaintiffs and all FLSA class members worked for Defendant

during or after January 2018.

37. The members of the FMWA class were all subjected to a common policy and practice in violation of the FMWA, Fla. Stats. § 448.110 and Fla. Const. Art. X § 24, because all golf volunteers were subjected to an identical compensation scheme that required volunteers to work in exchange for free or discounted rounds of golf rather than wages. All members of the FMWA class are also entitled to the same remedy in the form of back pay of minimum wage for each hour they worked and an award of liquidated damages.

38. The claims under the Florida Minimum Wage Act and the Florida Constitution may be pursued by all similarly situated persons who choose not to opt-out of the class pursuant to Fed. R. Civ. P. 23.

39. The Named Plaintiffs and all FMWA class members worked for Defendant during or after January 2016.

40. The Named Plaintiffs and all class members in the Rule 23 class performed work for Defendant after being classified as volunteers and were not paid at least the full minimum wage for all hours worked as required by Florida law.

41. The number of individuals in the Rule 23 class is so numerous that joinder of all members is impracticable. The exact number of members of the class can be determined by reviewing Defendant's records. However, the Named Plaintiffs reasonably believe that there are over six hundred (600) eligible individuals in the Rule 23 class.

42. The Named Plaintiffs will fairly and adequately protect the interests of the class and have retained counsel who are experienced and competent in class action and employment litigation.

43. The Named Plaintiffs have no interests that are contrary to, or in conflict with,

the members of the class.

44. A class/collective action suit is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of FLSA and FMWA.

45. Furthermore, even if every member of the class could afford individual litigation against Defendant, multiple lawsuits would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

46. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendant employed collective and class members within the meaning of the applicable statutes, including the FLSA and FMWA;

   b. Whether Defendant failed to pay the Named Plaintiffs and members of the collective and class all minimum wages owed to them;

   c. What remedies are appropriate compensation for the damages caused to the Named Plaintiffs and each member of the collective and class;

   d. Whether Defendant's failure to compensate the Named Plaintiffs and the class members at the applicable minimum wage rates was willful, intentional or

done with reckless disregard of the rights of collective and class members.

47. The relief sought is common to the entire class including, inter alia:

    a. payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to FLSA and the FMWA;

    b. payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to FLSA and the FMWA;

    c. payment by the Defendant of the costs and expenses of this action, including attorneys' fees for Plaintiffs' Counsel; and

    d. equitable relief ordering Defendant to cease and desist from its illegal practice of failing to pay all minimum wages required by law.

48. The Named Plaintiffs' claims are typical of the claims of members of the class. The Named Plaintiffs and members of the class have sustained damages arising out of the same wrongful and uniform employment policy of Defendants by failing to pay, in full, the minimum wages required by law, in violation of the FLSA and FMWA.

49. The Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**COUNT I VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 206**

50. The allegations in Paragraphs 1 through 49 are realleged and fully incorporated by reference herein.

51. By their actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires minimum wages to be paid to their employees, including those set forth in the provisions of 29 U.S.C. §§ 206 and 18(a).

52. At all relevant times, Defendant has been, and continues to be, an employer

and an enterprise engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

53. At all relevant times, Defendant employed, and/or continues to employ the Named Plaintiffs and other similarly situated employees.

54. As stated above, Defendant has, and throughout the applicable limitations period has had, a policy and practice of failing to pay the minimum wages required by the FLSA.

55. Defendant's failure to pay the Named Plaintiffs and other similarly situated employees the full minimum wage, is in violation of 29 U.S.C. § 206.

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. The Named Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DAVID ADAMS, MICHAEL SHAW, and GERALD KASMERE, on behalf of themselves and those similarly situated, demand judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II VIOLATION OF THE FLORIDA MINIMUM WAGE ACT, F.S. §448.110 & THE FLORIDA CONSTITUTION, ART. X, § 24**

58. The Named Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 through 49 as though fully stated herein.

59. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, under the Florida Minimum Wage Act and Florida Constitution.

60. At all relevant times to this Complaint, Defendant employed, and/or continues to employ the Named Plaintiffs and similarly situated potential class members.

61. As set forth above, Defendant has throughout the applicable limitations period since January 2016, had a policy and practice of failing to pay wages to all of their golf facility volunteers, including the Named Plaintiffs. Accordingly, each workweek that Defendant failed to pay wages to the Named Plaintiffs and those similarly situated to them, a minimum wage violation occurred whereby the employees became entitled to an award of minimum wages and liquidated damages.

62. As a direct and proximate result of Defendant's deliberate non-payment of the minimum wages which the Named Plaintiffs and other similarly situated employees were entitled to, the Named Plaintiffs and those similarly situated employees have suffered damages.

63. Defendant's policy and practice violates the Florida Minimum Wage Act's and Florida Constitution's minimum wage payment requirements.

64. Defendant's failure to pay the Named Plaintiffs and other similarly situated class members the full minimum wage is a violation of the Florida Minimum Wage Act, F.S. §448.110, and Article X, Section 24 of the Florida Constitution.

65. The foregoing conduct of Defendants, as alleged, constitutes a willful violation of the Florida Minimum Wage Act and Florida Constitution.

66. The Named Plaintiffs demand a trial by jury.

67. WHEREFORE, Plaintiffs, DAVID ADAMS, MICHAEL SHAW, and GERALD KASMERE, on behalf of themselves and those similarly situated, demand judgment against Defendant for unpaid minimum wages, an additional and equal amount of

liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – RETALIATION UNDER THE FLSA, 29 U.S.C. §215(a)(3)
### (as to KASMERE only)

68. Plaintiff GERALD KASMERE (hereinafter KASMERE), realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 5 and 11, 12, 13, 14, 18 and 19 above.

69. KASMERE, on several occasions, advised Defendant about its volunteer program violating state and federal wage laws.

70. KASMERE's opposition and opinions about the legality of Defendant's volunteer program were well-known by his supervisors.

71. On or about October 2020, KASMERE was ready to return from a Covid-related county-wide furlough and requested to be placed on the volunteer active schedule.

72. As a result of KASMERE's opposition, the Defendant without any legal justification, advised KASMERE that his services were no longer needed and that he was terminated.

73. Defendant's decision to terminate KASMERE was in direct response to his many complaints about the legality of Defendant's volunteer program.

74. Defendant's actions as more particularly described above were directly related to and in response to KASMERE's opposition about Defendant's volunteer program, since there are no other justifiable reasons for Defendant's adverse action.

75. KASMERE's opposition and concern that he communicated to Defendant constitutes statutorily protected conduct under Section 15(a)(3) of the FLSA.

76. Defendant's adverse treatment of KASMERE was a direct result of Plaintiff's

public opposition and questioning of Defendant's volunteer program.

77. The conduct more specifically alleged above violated KASMERE's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

78. KASMERE requests trial by jury.

79. KASMERE is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

    a. All lost wages that are due, including pre-judgment interest;

    b. As liquidated damages, an amount equal to lost wages;

    c. Reinstatement to his position;

    d. Compensatory damages for emotional pain and suffering;

    e. The costs of this action; and,

    f. A reasonable attorney's fee.

WHEREFORE, KASMERE prays that this court will grant judgment against Defendant:

    a. awarding all lost wages found by the court to be due to him, including pre-judgment interest;

    b. awarding payment of liquidated damages in an amount equal to the lost wages due to him;

    c. reinstatement to his position last held before termination;

    d. money damages to compensate KASMERE for emotional pain and suffering endured;

    e.  awarding KASMERE his costs, including a reasonable attorney's fee;

and

    f.  granting such other and further relief as is just.

**CONSENT TO JOIN
PURSUANT TO 29 U.S.C. §216(b)**

  We, DAVID ADAMS, MICHAEL SHAW and GERALD KASMERE, hereby consent and agree and opt-in to become Plaintiffs in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/David Adams*
David Adams

*/s/Michael Shaw*
Michael Shaw

*/s/Gerald Kasmere*
Gerald Kasmere


Dated: January 22, 2021
Plantation, Florida

              Respectfully submitted,


              */s/Robert S. Norell*
              Robert S. Norell, Esq. (Fla. Bar No. 996777)
              E-Mail: rob@floridawagelaw.com
              **ROBERT S. NORELL, P.A.**
              300 N.W 70th Avenue
              Suite 305
              Plantation, Florida 33317
              Telephone: (954) 617-6017
              Facsimile: (954) 617-6018
              *Counsel for Plaintiffs*