UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80127-BER

DAVID ADAMS,
MICHAEL SHAW, and
GERALD KASMERE,
on behalf of themselves and others
similarly situated,

           Plaintiffs,

v.

PALM BEACH COUNTY,

           Defendant.

_____/

**ORDER ON MOTION TO DISMISS OPT-IN PLAINTIFFS' CLAIMS**
**[ECF No. 71]**

David Adams, Michael Shaw, and Gerald Kasmere ("Named Plaintiffs") brought this action for unpaid wages under both federal and state law on behalf of themselves and similarly situated individuals. ECF No. 54 (Second Amended Complaint). They allege that they were not properly compensated for services they provided at golf courses operated by Defendant Palm Beach County. Two additional plaintiffs opted into the case — Carey Quincy, Jeffrey Steigman ("the Opt-In Plaintiffs"). ECF No. 9.

On October 4, 2021, I dismissed the Second Amended Complaint with prejudice as to the Named Plaintiffs. ECF No. 64. They timely appealed. ECF No. 65. The

Eleventh Circuit dismissed the appeal because the claims of the Opt-In Plaintiffs had not been resolved. ECF No. 68. Defendant now moves to dismiss the Opt-In Plaintiffs' claims. ECF No. 71.

Considering both the well-pled facts alleged in the Second Amended Complaint and the Opt-In Plaintiffs' sworn declarations, I find that the Opt-In Plaintiffs are similarly situated to the Named Plaintiffs. The factual allegations in the Second Amended Complaint, which must be accepted as true at this stage, say that the Opt-In Plaintiffs performed the same jobs as the Named Plaintiffs and were subject to the same workplace and compensation conditions. *See* ECF No. 54 ¶¶25-41. Additionally, both Opt-In Plaintiffs filed sworn declarations that described their work hours, job duties, and lack of compensation. ECF Nos. 6-3, 6-5. I take judicial notice of these court filings, which are central to the Opt-In Plaintiffs' claims and whose authenticity is not disputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010). On that factual record, the Opt-In Plaintiffs' legal claims are not materially different from the Named Plaintiffs' claims.

Because there is no material factual difference between the Opt-In Plaintiffs and the Named Plaintiffs, the Opt-In Plaintiffs' claims must be dismissed for the same reasons as the Named Plaintiffs' claims. I incorporate and adopt my prior Order holding that the Named Plaintiffs failed to state claims upon which relief could be granted. ECF No. 64. The same analysis applies to the Opt-In Plaintiffs' claims.

WHEREFORE, it is ORDERED that:

1. The Opt-In Plaintiffs' claims are DISMISSED WITH PREJUDICE.

2. The Clerk shall close this case.

**DONE and ORDERED** in Chambers this 7th day of March, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE